**Harold A. HOBSON, Jr.,**
**Plaintiff-Appellant,**

v.

**Roy S. FISCHBECK, I.R.S. District Counsel, Kenneth W. Gideon, I.R.S. Chief Counsel,**

**and**

**Donald T. Regan, Secretary of the Treasury, Defendants-Appellees.**

**No. 84–3597**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

April 19, 1985.

Rehearing and Rehearing En Banc
Denied May 23, 1985.

---

Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Chief, Appellate Section, William S. Estabrook, III, Nancy Morgan, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendants-appellees.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Harold A. Hobson, Jr., an apparent tax protester, brought this suit in the district court against appellees, two employees of the Internal Revenue Service charged with the determination and collection of federal income taxes, seeking damages against them for investigating his income tax deficiencies, and his failure to file tax returns, for the years 1977 through 1980. Hobson also sought the declaration of various taxpayer rights. The district court, after receiving oral argument from the parties, dismissed Hobson's complaint, with leave to amend, for want of both subject matter and in personam jurisdiction. In granting Hobson leave to amend, the court admonished him to think "long and hard before [filing] an [amended complaint] and embroil[ing] the Court and the Government lawyers in a litigation that doesn't have a legal foundation."

Hobson subsequently amended his original complaint, adding the Secretary of Treasury as a party defendant, alleging that the defendants' conduct, in investigating his failure to file income tax returns and to pay income taxes, had deprived him of his constitutional rights and seeking, among other equitable relief, an injunction expunging the words "tax protester" from all government records. The government moved the court to dismiss Hobson's complaint, as amended, for want of both subject matter and in personam jurisdiction and for failure to state a claim for relief. The court dismissed the complaint, concluding that, in light of the proscriptions of 28 U.S.C. § 2201 (1982) and 26 U.S.C. § 7421(a) (1982), it lacked subject matter jurisdiction to grant the equitable relief Hobson sought. The court also concluded that, to the extent Hobson's complaint could be construed to seek the recovery of money damages, Hobson could not recover because the defendants were immune from such liability under the holding of *Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 1347, 3 L.Ed.2d 1434 (1959). Hobson appeals.

Plainly stated, what Hobson's complaint sought from the district court was an order enjoining the IRS from investigating and perhaps prosecuting him for federal income tax evasion. Federal courts are expressly proscribed, by statute, from

entertaining suits to "[restrain] the assessment or collection of any tax" except under specific circumstances not applicable here. The Supreme Court has held that no injunction will issue unless the plaintiff can show that under no circumstances could the government ultimately prevail and there exists an independent basis for equity jurisdiction. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7, 82 S.Ct. 1125, 1129, 8 L.Ed.2d 292 (1962); *Bob Jones University v. Simon*, 416 U.S. 725, 745, 94 S.Ct. 2038, 2050, 40 L.Ed.2d 496 (1974). Hobson's complaint satisfies neither prong of the *Enochs* test. First, Hobson could not prevail because his claim that he is not subject to the federal income tax laws is patently meritless. *See Simanonok v. Commissioner*, 731 F.2d 743, 744 (11th Cir.1984). Second, equitable relief is not available because Hobson has an adequate remedy at law—he could pay the disputed tax and then sue for a refund.

The IRS urges us to impose sanctions in the form of extraordinary costs and attorneys' fees against Hobson for filing a frivolous appeal. We have held that, where an appeal is patently frivolous, the court may assess damages to the appellee, including reasonable attorneys' fees and double costs. *See Collins v. Amoco Production Co.*, 706 F.2d 1114, 1115 (11th Cir.1983); *see also Parker v. Commissioner*, 724 F.2d 469, 472 (5th Cir.1984); *Lonsdale v. Commissioner*, 661 F.2d 71, 72 (5th Cir.1981) (warning litigants that the continued advancing of long-defunct arguments invites sanctions).

The arguments Hobson has presented in this appeal are without even arguable merit. They are foreclosed by statute and by case law. The district court fully cautioned him about the limitations of its jurisdiction at the hearing on the government's motion to dismiss his original complaint. He should have anticipated the district court's dismissal of his amended complaint and our summary rejection of his appeal. In short, he chose to vex the government with this litigation. Under the circumstances, economic sanctions are in order, including reasonable attorneys' fees and double costs. We direct the district court, on receipt of the mandate, to determine, after a hearing, the amount thereof.

AFFIRMED, with instructions.