Kenneth L. WATERS,
Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.

No. 84–3602.

United States Court of Appeals,
Eleventh Circuit.

July 5, 1985.

Glenn L. Archer, Jr., Michael L. Paup, Gary R. Allen, Lisa A. Prager, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Kenneth L. Waters ("Waters") appeals from a decision of the Tax Court in which he sought a redetermination of a deficiency in his federal income taxes. Waters' primary argument in the Tax Court was that his wages were not income and that, accordingly, the federal income tax laws which imposed a tax on wages were unconstitutional.

The Tax Court granted the Commissioner's motion for summary judgment. In its order, the court explained that Waters' wages were indeed taxable income under the federal income tax laws and gave appropriate citations. The court also found that "petitioner is yet another in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and others with frivolous and groundless claims ... and he has instituted and maintained this proceeding primarily for delay." The Tax Court assessed damages of $2,500 against Waters under 26 U.S.C. § 6673,[1] finding that Waters' position was frivolous and instituted primarily for delay. Unswayed by the award entered against him, Waters appeals from the Tax Court's decision and challenges the merits of that court's ruling granting the Commissioner's motion for summary judgment.

The judgment of the Tax Court is AFFIRMED.

In addition, we conclude that this case warrants the imposition of sanctions under Fed.R.App.P. 38.[2] In *Hobson v. Fischbeck,*

---

**1.** The section provides:

Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and

demand from the Secretary or his delegate and shall be collected as a part of the tax. 26 U.S.C. § 6673.

**2.** The rule provides:

If a court of appeals shall determine that an appeal is frivolous, it may award just damages, and single or double costs to the appellee.

Fed.R.App.P. 38. The advisory committee notes make it clear that a court of appeals has ample

758 F.2d 579 (11th Cir.1985), we stated:

> We have held that, where an appeal is patently frivolous, the court may assess damages to the appellee, including reasonable attorneys' fees and double costs. *See Collins v. Amoco Production Co.,* 706 F.2d 1114, 1115 (11th Cir.1983); *see also Parker v. Commissioner,* 724 F.2d 469, 472 (5th Cir.1984); *Lonsdale v. Commissioner,* 661 F.2d 71, 72 (5th Cir.1981) (warning litigants that the continued advancing of long-defunct arguments invites sanctions).

758 F.2d at 581. As detailed in the Tax Court opinion in this case, it is clear beyond peradventure that the law is well established and long settled that wages are includable in taxable income. The notice of deficiency received in this case before Waters filed his petition in the Tax Court warned Waters that his position with respect to the nontaxability of wages was frivolous and that the Internal Revenue Service would seek damages under 26 U.S.C. § 6673[3] on the grounds that Waters' position was frivolous and maintained primarily for delay. The Tax Court expressly found that Waters' position was frivolous and was instituted and maintained primarily for delay, and it awarded damages in the amount of $2500 under that Code section. That opinion provided a detailed statement of reasons and citations of authority. Nevertheless, Waters appealed to this court. Under these circumstances, we conclude that it is appropriate to exercise our discretion to award double costs and reasonable attorneys fees. We REMAND to the Tax Court for a determination of reasonable attorney's fees to be awarded to the government for the cost of defending this appeal.

AFFIRMED and REMANDED.

---

discretion to award attorney's fees under Rule 38. They state:

> While both the statute and the usual rule on the subject by courts of appeals ... speak of "damages for delay," the courts of appeals quite properly allow damages, attorney's fees and other expenses incurred by an appellee if the appeal is frivolous without requiring a showing that the appeal resulted in delay. See *Dunscombe v. Sayle,* 340 F.2d 311 (5th

Cir., 1965), *cert. den.,* 382 U.S. 814, 86 S.Ct. 32, 15 L.Ed.2d 62 (1965); *Lowe v. Willacy,* 239 F.2d 179 (9th Cir., 1956); *Griffith Wellpoint Corp. v. Munro-Langstroth, Inc.,* 269 F.2d 64 (1st Cir., 1959); *Ginsberg v. Stern,* 295 F.2d 698 (3d. Cir., 1961).

Fed.R.App.P. 38 advisory committee note.

**3.** *See supra* n. 1.