**William M. BIERMANN,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 84–5996.

United States Court of Appeals,
Eleventh Circuit.

Aug. 26, 1985.

Rehearing and Rehearing En Banc
Denied Oct 10, 1985.

M. Carr Ferguson, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Fred T. Goldberg, Jr., Chief Counsel, Henry G. Salamy, I.R.S., Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, U.S. Dept. of Justice, Kenneth L. Greene, U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.

Before TJOFLAT, HILL and ANDERSON, Circuit Judges.

**708**

PER CURIAM:

■ This is a so-called "tax protest" case in which appellant Biermann challenges the decision of the Tax Court in favor of the Commissioner of Internal Revenue ("Commissioner") finding Biermann liable for tax deficiencies and additions to tax for the years 1978 and 1979. Biermann does not dispute the amounts of wages, interest and other income that the Commissioner claims he received in these years. Moreover, the parties stipulated both orally and at trial as to the deductions that Biermann was entitled to for the tax years in question. His sole claims are that (1) the monies he received should not be considered income because the Internal Revenue Code does not define "income"; (2) his wages are not "income"; (3) he is not a "person liable for taxes", but rather a "freeman and unenfranchised individual" who is not subject to taxation; and (4) he was not an "employee" subject to withholding within the meaning of the Internal Revenue Code and that, therefore, the withholdings from his wages were illegal "taxes" assessed against him. These arguments are patently frivolous, have been rejected by courts at all levels of the judiciary, and, therefore, warrant no further discussion. The judgment of the Tax Court is AFFIRMED.

■ In addition, the Commissioner urges this court to award double costs and attorney's fees under Fed.R.App.P. 38.[1] The Tax Court concluded that Biermann's position was "patently ridiculous [a]nd will not prevail in any Court." Record, Doc. 16 at 27; *see also id.* at 24 ("your position is frivolous without merit. Will never be sustained in this or any other Court. You are wasting your time. You are costing yourself money"). The court decided, "however, ... for reasons I don't fully understand myself, I am not going to impose a fine."[2] *Id.* at 28. Although the Tax Court did not impose a penalty, *compare Waters*

*v. Commissioner,* 764 F.2d 1389 (11th Cir. 1985) (double costs and attorney's fees on appeal awarded after the Tax Court had imposed a $2,500 frivolity penalty), we believe that Biermann was well warned by the Tax Court that his positions were frivolous beyond doubt and had consistently been rejected by courts at every level of review. Biermann was duly warned and should have been aware of the consequences of taking up the government's and this court's time with this appeal. We therefore find it appropriate to exercise our discretion under Fed.R.App.P. 38 to AWARD double costs to the government and reasonable attorney's fees incurred for the cost of defending this appeal. We REMAND to the tax court for a determination of such reasonable attorney's fees.

AFFIRMED and REMANDED.

1. The advisory committee notes to Fed.R.App.P. 38 clearly indicate that attorney's fees, as well as double costs, can be awarded to the appellee in the event that the appellant prosecutes a frivolous appeal.

2. Under 26 U.S.C.A. § 6673 (West Supp.1985), the Tax Court may impose up to $5,000 in "damages" if it determines that the taxpayer has instituted proceedings primarily for delay or if the taxpayer's position is frivolous.