[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 09 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12689
Non-Argument Calendar

_____

Tax Court  No. 19128-04

STUART WAYNE PERKINS,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Appeal from a Decision of the
United States Tax Court

_____

**(January 9, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Stuart Perkins appeals pro se the decision of the Tax Court that Perkins was

subject to a federal income tax deficiency. Perkins argues that he is not liable for a deficiency because the Commissioner of the Internal Revenue Service failed to notify Perkins that he had a responsibility to maintain financial documents from which his tax liability could be established. The Commissioner has moved for sanctions against Perkins for maintaining a frivolous appeal. We agree with the Commissioner, affirm the decision of the Tax Court, and impose sanctions against Perkins for maintaining this frivolous appeal.

We review factual findings of the Tax Court for clear error and review <u>de novo</u> its legal conclusions. <u>Bone v. Comm'r</u>, 324 F.3d 1289, 1293 (11th Cir. 2003).

Perkins does not challenge the calculation of his deficiency by the Tax Court, but instead argues that the Commissioner was without authority to enforce the tax laws against Perkins because it failed to personally notify Perkins that he was required to file tax returns and maintain financial records. Perkins argues that a regulation, Treas. Reg. § 1.6001-1(d) (as amended in 1990), required that he be notified by the IRS of his obligation to maintain financial records that would support a tax liability. Perkins's argument is meritless.

The Code requires that "[e]very person liable for any tax imposed . . . shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe," 26

2

U.S.C. § 6001, and Treasury regulations provide that any person required to file a tax return must keep records that support the information reported in the tax return, Treas. Reg. § 1.6001-1(a). The Treasury regulation on which Perkins relies states that a district director "may require any person, by notice served upon him, to . . . keep such specific records as will enable the district director to determine whether or not such person is liable for tax," id. § 1.6001-1(d), but that regulation about the discretionary authority given to a district director does not trump Perkins's independent obligation under the United States Code, see 26 U.S.C. § 6001, and Treasury regulations, see 26 C.F.R. § 1.6001-1(a), to maintain records and file returns.

To the extent that Perkins argues that his deficiency was not supported by evidence, this argument also fails. The Commissioner presented evidence of Perkins's income from his employers, and that evidence supports the decision of the Tax Court.

The Commissioner has moved for sanctions to be imposed against Perkins for maintaining a frivolous appeal. See 28 U.S.C. § 1912; Fed. R. App. P. 38. Rule 38 provides that "[i]f a court of appeals determines the appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. We have imposed Rule 38 sanctions on a pro se

3

taxpayer after the Tax Court had apprised the taxpayer of the potential consequences of maintaining an appeal based on arguments previously rejected by the court. Biermann v. Comm'r, 769 F.2d 707, 708 (11th Cir. 1985). The Commissioner reports that the average expense in attorney salaries and other costs incurred in the defense of frivolous taxpayer appeals in which sanctions were awarded during 2004 and 2005 is greater than $11,000 and asks that we impose a sanction against Perkins in the amount of $8000.

Perkins's argument that the Commissioner was required to give personal notice to Perkins of his obligation to maintain financial records is frivolous. Perkins made the same argument before the Tax Court and was informed by that court that his arguments were frivolous. The Tax Court warned Perkins that, if he persisted with frivolous arguments, he could be sanctioned, and the Tax Court later sanctioned Perkins $5000 for persisting with his frivolous argument. Because Perkins, after being warned, continued his frivolous argument in this appeal, the motion for sanctions is **GRANTED.** We award the Commissioner $8000 in sanctions to be paid by Perkins for pursuing this frivolous appeal.

The decision of the Tax Court is

**AFFIRMED**.