[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11851
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cv-00013-JRH-BKE

BRIAN D. SWANSON,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(January 7, 2020)

Before NEWSOM, BRANCH and BLACK, Circuit Judges.

PER CURIAM:

Brian Swanson, proceeding *pro se*, appeals the dismissal of his suit for failure to state a claim and lack of subject-matter jurisdiction.  Swanson's suit sought a refund of individual income taxes for tax years 2016 and 2017.  Swanson contends (1) employment earnings constitute a return of capital rather than income, and (2) his employment earnings did not constitute "wages" within the meaning of our prior precedent because his salary was not taxable as a privilege or derived from privileged employment.  The Government responds that Swanson's position is frivolous and, because his tax return reported no wage income based on a frivolous position, he failed to file a valid claim for refund before filing his refund suit, as required by 26 U.S.C. § 7422(a).  It also moves for sanctions, pursuant to Federal Rule of Appellate Procedure 38, because of the frivolity of Swanson's appeal.  Swanson contends the Government made misrepresentations in its motion for sanctions such that it should not be granted and moves for sanctions, pursuant to Federal Rule of Appellate Procedure 46.  We address each contention in turn.

## I.  DISCUSSION

### A.  *Subject-Matter Jurisdiction*

"The subject matter jurisdiction of the district court is a question of law subject to *de novo* review."  *Mut. Assurance, Inc. v. United States*, 56 F.3d 1353, 1355 (11th Cir. 1995).  Generally, a taxpayer seeking a refund may sue the government in district court.  28 U.S.C. § 1346(a)(1).  However,

2

No suit or proceeding shall be maintained in any court for the recovery of an internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).  This requirement is jurisdictional.  *King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986).

The district court did not err in granting the Government's motion to dismiss for lack of subject-matter jurisdiction because Swanson failed to file a valid claim for refund as his tax return asserted a frivolous position.[1]  *See* 26 U.S.C. § 7422(a). Swanson's argument his salary was not taxable as income is frivolous under our precedent.  Arguments "that wages are not taxable income . . . . have been rejected by courts at all levels of the judiciary and are patently frivolous." *Stubbs v. Comm'r*, 797 F.2d 936, 938 (11th Cir. 1986).  We have specifically held as frivolous arguments, including:

that [taxpayers'] wages are not income subject to tax but are a tax on property such as their labor; that only public servants are subject to tax liability; [and] that withholding of tax from wages is a direct tax on the source of income without apportionment in violation of the Sixteenth Amendment . . . .

---

[1] To the extent the Government argues Swanson waived any challenge to the jurisdictional finding (1) the district court made its jurisdictional finding based on the frivolity of Swanson's position, so Swanson's arguments regarding frivolity are interrelated with the jurisdictional issue, and (2) the specific references to the jurisdictional finding in his brief indicate he also intended to challenge that determination.

*Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986); *see also Biermann v. Comm'r*, 769 F.2d 707, 708 (11th Cir. 1985) (rejecting the argument that wages are not "income" as patently frivolous).  We have also rejected as frivolous arguments that there is no gain in compensation for labor because the value of the compensation equals the value of the labor.  *See Lonsdale v. Comm'r*, 661 F.2d 71, 72 (11th Cir. 1981).

Swanson's argument his salary is not taxable as income is also frivolous pursuant to the Department of the Treasury's notice.  In 2010, the Internal Revenue Service issued Notice 2010-33, which identified positions that would lead to the imposition of the frivolous-return penalty.  I.R.S. Notice 2010-33, 2010-17 I.R.B. 609.  In pertinent part, the notice identified the argument that:

> Wages, tips, and other compensation received for the performance of personal services are not taxable income or are offset by an equivalent deduction for the personal services rendered, including an argument that a taxpayer has a "claim or right" to exclude the cost or value of the taxpayer's labor from income or that taxpayers have a basis in their labor equal to the fair market value of the wages they receive, or similar arguments described as frivolous in Rev. Rul. 2004-29, 2004-1 C.B. 627, or Rev. Rul. 2007-19, 2007-1 C.B. 843.

*Id.* ¶ III(4).  In the listed 2007 revenue ruling, the Department of the Treasury included the argument the payment of wages or other compensation is a nontaxable exchange of property, noting there was a distinction between employment earnings and selling or exchanging property and that, because a taxpayer has no tax basis in

4

his labor, the full amount of his compensation represents taxable gain.  Rev. Rul. 2007-19, 2007-1 C.B. 843.

Swanson's contention his salary was not "wages" is contrary to the statutory definition of the term.  Section 3401 of the Tax Code provides that, for the purpose of withholding income taxes, "wages" refers to "all remuneration (other than fees paid to a public official) for services performed by an employee for his employer," minus certain enumerated exceptions that do not apply in this case.  26 U.S.C. § 3401(a).  Similarly, § 3121 provides that, for purposes of Federal Insurance Contributions Act, wages "means all remuneration for employment," minus certain enumerated exceptions that do not apply in this case.  *Id.* § 3121(a).

Accordingly, Swanson's tax return, which reported no wage income pursuant to his frivolous position, was not an "honest and reasonable attempt" to comply with the tax laws, and was not a valid claim for refund.  To qualify as a tax return, a document must satisfy what is known as the *Beard* test.  *In re Justice*, 817 F.3d 738, 740 (11th Cir. 2016) (citing *Beard v. Comm'r*, 82 T.C. 766, 777 (1984)).  Specifically, a document must: (1) "purport to be a return"; (2) "be executed under penalty of perjury"; (3) "contain sufficient data to allow calculation of tax"; and (4) "represent an honest and reasonable attempt to satisfy the requirements of the tax law."  *Id.* at 740-41.  Because Swanson did not file any other documents that met the requirement of "represent[ing] an honest and reasonable attempt to satisfy

5

the requirements of the tax law," the district court lacked subject-matter jurisdiction to consider his suit as Swanson filed no "claim for refund or credit . . . according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." *See id.*; 26 U.S.C. § 7422(a).

## B.  Sanctions

### 1.  *Against Swanson*

Federal Rule of Appellate Procedure 38 allows a court of appeals, after a separately filed motion and reasonable opportunity to respond, to award damages and single or double costs to an appellee if the court determines that the appeal is frivolous.  Fed. R. App. P. 38; *see also* 28 U.S.C. § 1912 (authorizing an award of damages and single or double costs when a judgment is affirmed).  We have previously warned appellants seeking to argue that their wages are not taxable income: "[T]hose who would litigate in this circuit are put on notice that they may be expected to have sanctions imposed against them if they continue to raise these sorts of frivolous contentions."  *Hyslep v. United States*, 765 F.2d 1083, 1084-85 (11th Cir. 1985).

In *Waters v. Commissioner*, we awarded double costs plus reasonable attorneys' fees against a *pro se* appellant who argued that his wages were not income.  764 F.2d 1389, 1389-90 (1985).  In making the award, we noted that (1) it was "well established and long settled that wages are includable in taxable

6

income"; (2) the notice of deficiency warned the taxpayer that his position was frivolous; (3) the Tax Court expressly found that the taxpayer's position was frivolous and awarded damages; and (4) the Tax Court's "opinion provided a detailed statement of reasons and citations of authority." *Id.* at 1390.

Swanson's arguments regarding his salary were frivolous. He was forewarned about the frivolity of his position through (1) our prior precedent; (2) the Department of the Treasury's statements in Notice 2010-33 and Rev. Rul. 2007-19; (3) four frivolous-return notices that Swanson received after submitting tax returns asserting this position; and (4) the district court's express statement that his position was frivolous. In light of this record, Rule 38 sanctions are appropriate. In its motion, the Government requests a lump sum of $8000, and Swanson does not challenge either the amount of this sum or the use of lump sums in awarding sanctions. Accordingly, we grant the Government's motion and award $8000 in sanctions.

2. *Against the Government*

We may discipline an attorney for "conduct unbecoming a member of the court's bar." Fed. R. App. P. 46(b), (c). Here, the only inaccurate statements in the Government's motion for sanctions are its description of (1) the amount of Swanson's salary and (2) how much taxable income he reported on his return. These statements are immaterial to the issues in this appeal and appear to be based

7

on the Government's misunderstanding of the allegations in Swanson's complaint. As such, the inaccuracies are not a deliberate attempt to mislead this Court, and we deny Swanson's motion for sanctions.

## II.  CONCLUSION

Swanson's suit was based on his contention his salary did not constitute taxable income, an argument this Court has determined to be frivolous in other cases.  Because his tax return asserted this frivolous position, Swanson failed to file a valid claim for refund, and the district court lacked subject-matter jurisdiction to consider his refund suit.  Accordingly, we **AFFIRM** the district court.

Because Swanson was forewarned about the frivolity of his position, we **GRANT** the Government's motion for sanctions and award $8,000 in sanctions. However, we **DENY** Swanson's motion for sanctions because the inaccuracies in the Government's motion do not appear to be an attempt to mislead this Court.

**AFFIRMED; GOVERNMENT'S MOTION FOR SANCTIONS GRANTED; SWANSON'S MOTION FOR SANCTIONS DENIED.**