[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11739

Non-Argument Calendar

_____

BRIAN D. SWANSON,

Plaintiff-Appellant,

*versus*

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia
D.C. Docket No. 1:22-cv-00119-JRH-BKE

_____

Before WILSON, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Brian Swanson, proceeding *pro se*, appeals from the district court's order dismissing for lack of subject matter jurisdiction and failure to state a claim his *pro se* civil suit seeking a refund of income taxes. Swanson argues that his wages received were not taxable income. He also asserts that 26 U.S.C. § 1 violated the Uniformity Clause and the tax imposed by § 1 was unconstitutional, first, because it was not a duty, impost or an excise, and second, because gross income was calculated differently for American citizens living in different geographical regions of the United States. He also noted that American citizens who live in the Territories, like Puerto Rico, were excluded from the federal income tax, and that asking him to pay more federal income tax than other American citizens based solely on geographical location was unfair and violated the constitutional rule for geographical uniformity.

The government, in turn, moves for summary affirmance and for $8,000 in sanctions for Swanson's maintaining frivolous arguments for which he has twice been sanctioned before. We will address the government's motion for summary affirmance, followed by the motion for sanctions.

## I.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied,"

or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161–62 (5th Cir. 1969).[1]  A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion.  11th Cir. R. 31-1(c).

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff." *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  We also review questions of constitutional law de novo. *Kentner v. City of Sanibel*, 750 F.3d 1274, 1278 (11th Cir. 2014). We liberally construe *pro se* pleadings, holding them to a less stringent standard than those prepared by attorneys.  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).

The United States has sovereign immunity from suit unless it consents to be sued, and the statute consenting to suit defines the district court's jurisdiction to entertain the suit.  *Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1188 (11th Cir. 2011).  A district court has original jurisdiction to hear a civil action against the United States "for the recovery of any internal-revenue tax

---

[1] We are bound by decisions of the United States Court of Appeals for the Fifth Circuit issued before October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a). However, before a taxpayer may bring such an action against the Internal Review Service (IRS), the taxpayer must first file an administrative claim with the IRS for a refund. 26 U.S.C. § 7422(a). To qualify as a tax return, a document must: (1) "purport to be a return"; (2) "be executed under penalty of perjury"; (3) "contain sufficient data to allow calculation of tax"; and (4) "represent an honest and reasonable attempt to satisfy the requirements of the tax law." *In re Justice*, 817 F.3d 738, 740–41 (11th Cir. 2016).

The Sixteenth Amendment provides that "Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration." U.S. Const. amend. XVI. The Internal Revenue Code provides that "gross income means all income from whatever source derived," followed by a non-exhaustive list that includes compensation for services, including fees, commissions, fringe benefits, and similar items, and gross income derived from business. 26 U.S.C. § 61(a)(1), (2). Arguments "that wages are not taxable income . . . have been rejected by courts at all levels of the judiciary and are patently frivolous." *Stubbs v. Comm'r*, 797 F.2d 936, 938 (11th Cir. 1986) (per curiam). We have specifically held as frivolous "an arsenal of arguments," including:

> that [taxpayers'] wages are not income subject to tax but are a tax on property such as their labor; that only public servants are subject to tax liability; [and] that withholding of tax from wages is a direct tax on the source of income without apportionment in violation of the Sixteenth Amendment . . . .

*Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986) (per curiam); *see also Biermann v. Comm'r*, 769 F.2d 707, 708 (11th Cir. 1985) (per curiam) (rejecting as frivolous the argument that wages are not "income"). In *Brushaber v. Union Pacific Railroad Co.*, the U.S. Supreme Court recognized that the Sixteenth Amendment authorizes a direct, non-apportioned income tax on United States citizens. 240 U.S. 1, 12–19 (1916).

The Uniformity Clause provides that "all Duties, Imposts and Excises shall be uniform throughout the United States." U.S. Const. art. I, § 8, cl. 1. The Supreme Court has noted that "the qualification of uniformity is imposed, not upon all taxes which the Constitution authorizes, but only on duties imposts, and excises." *Knowlton v. Moore*, 178 U.S. 41, 88 (1900).

The Supreme Court has noted, in a case involving Supplemental Security Income (SSI), that Congress has not required residents of Puerto Rico to pay most federal income, gift, estate, and excises taxes, and likewise, has not extended certain federal benefits programs to residents of Puerto Rico. *United States v. Vaello Madero*, 142 S. Ct. 1539, 1541 (2022). The Court explained that the Territory Clause of the Constitution, Art. IV, § 3, cl. 2, affords Congress broad authority to legislate with respect to the U.S. Territories. *Id.*

The Court held that its precedents, as well as the constitutional text and historical practice, established that Congress may distinguish the Territories from the States in tax and benefits programs such as SSI, so long as Congress has a rational basis for doing so.  *Id.* at 1542–43.

First, as to Swanson's first argument on appeal, that his wages as a school teacher are not taxable because they constitute a return of capital, this argument is plainly frivolous, as we have routinely rejected such arguments as being frivolous. *See Groendyke Transp., Inc.*, 406 F.2d at 1161–62; *Motes*, 785 F.2d at 928; *Beirmann*, 768 F.2d at 708.  Therefore, Swanson's argument that he properly invoked the district court's jurisdiction and established a plausible claim for refund is meritless, as he failed to report all of his $86,317 in wages as taxable income, and, therefore, his return was not a valid claim for refund.  *In re Justice*, 817 F.3d at 740–41.

Second, Swanson's argument that the income tax is unconstitutional under the Uniformity Clause of the Constitution is also frivolous.  *Groendyke Transp., Inc.*, 406 F.2d at 1161–62.  First, it is not clear that the Uniformity Clause applies to income taxes, as the Supreme Court has noted that the uniformity requirement is not imposed on all taxes authorized by the Constitution, but only to "duties, imposts and excises." *Knowlton*, 178 U.S. at 88.  Further, Swanson's reliance on the differential treatment of Puerto Rico is misplaced.  As he acknowledged in his brief, the majority opinion in *Vaello Madero* still permits Puerto Rico to be treated differently based on current precedent.  *Vaello Madero*, 142 S. Ct. at 1541–43.

Thus, because Swanson's appeal is frivolous, we **GRANT** the government's motion for summary affirmance.

## II.

Federal Rule of Appellate Procedure 38 allows a court of appeals, after a separately filed motion and reasonable opportunity to respond, to award just damages and single or double costs to an appellee if the court determines that the appeal is frivolous. Fed. R. App. P. 38; *see also* 28 U.S.C. § 1912 (providing that, when a judgment is affirmed by the Supreme Court or a circuit court, the court may exercise its discretion to award just damages to the prevailing party for their delay, and single or double costs). In *Waters v. Commissioner*, we awarded double costs plus reasonable attorneys' fees against a *pro se* appellant who had raised the "patently frivolous" argument that his wages were not income. 764 F.2d 1389, 1389–90 (11th Cir. 1985) (per curiam). In making the award, we noted that (1) it was "well established and long settled that wages are includable in taxable income"; (2) the notice of deficiency warned the taxpayer that his position was frivolous; (3) the Tax Court expressly found that the taxpayer's position was frivolous, and awarded damages; and (4) the Tax Court's "opinion provided a detailed statement of reasons and citations of authority." *Id.* at 1390.

Although we generally prefer that the government establish its costs and attorney's fees by affidavit, we have previously granted the government's motion for lump-sum sanctions in the interest of judicial economy. *See, e.g.*, *King v. United States*, 789 F.2d 883, 884–85 (11th Cir. 1986) (per curiam) (accepting the government's

representation of the amount of the average award in similar cases because the taxpayer did not dispute that amount); *see also Stubbs*, 797 F.2d at 938–39 (same).  We explained that "this procedure is in [the appellant's] interest since would be liable for the additional costs and attorney's fees incurred during any proceedings on remand." *King*, 789 F.2d at 884–85.

We have previously twice sanctioned Swanson for raising similar frivolous arguments.  As in those cases, the district court here warned Swanson that "should he continue to file frivolous lawsuits," his ability to seek redress with the court would be curtailed.  In light of these warnings, as well as his previous frivolous appeals raising the same arguments regarding the taxability of his employment wages, another Rule 38 sanctions award is appropriate.  Additionally, even though the government's motion does not contain any calculations regarding its proposed $8,000 figure, we previously have granted lump-sum sanctions.  *See Stubbs*, 797 F.2d at 938–39; *King*, 789 F.2d at 884–85.  Similarly, although Swanson argues that awarding $8,000 in sanctions is inappropriate, he does not explain why, and, in any event, that is the same amount we have twice previously awarded as sanctions against him, and other taxpayers, for raising frivolous arguments on appeal.

Thus, we **GRANT** the government's motion for sanctions, and award $8,000 as sanctions.

**AFFIRMED.**