[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11647

Non-Argument Calendar

_____

GEORGE A. TEACHERSON,
A Natural Citizen of the Republic,

Plaintiff-Appellant,

*versus*

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80722-RLR

_____

Before JORDAN, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

In May of 2023, George A. Teacherson filed a *pro se* complaint against the Commissioner of Internal Revenue, alleging that the federal income tax is unconstitutional and that requiring him to pay such a tax violates his First, Fourth, Fifth, Ninth, and Tenth Amendment rights. Mr. Teacherson also alleged that the income tax violates various clauses in the Constitution. He sought declaratory and injunctive relief. Because "the constitutionality of the [i]ncome [t]ax is well-settled," the district court dismissed the claims with prejudice pursuant to its screening obligation under 28 U.S.C. § 1915(e)(2). *See* D.E. 9.

Mr. Teacherson, proceeding *pro se*, appeals the district court's *sua sponte* dismissal of his complaint for failure to state a claim. The Commissioner has moved for summary affirmance of the district court's order. Mr. Teacherson filed a response to the motion, and the Commissioner filed a reply. Mr. Teacherson then filed an additional "response and relief request" with respect to the Commissioner's reply brief.

We review a district court's dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) *de novo*, viewing the factual allegations in the complaint as true. *See Hughes v. Lott*, 350 F. 3d 1157, 1159–60 (11th Cir. 2003). Summary disposition is appropriate in at least two circumstances— "those cases where time is truly of the essence" and "those in which

23-11647                Opinion of the Court                3

the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

Mr. Teacherson's contentions—both in his complaint and in his response to the Commissioner's motion for summary affirmance—rest on the assertion that the federal income tax is unconstitutional. For example, he states in his amended response to the Commissioner's motion that wages are irrelevant and that the income tax violates the Constitution.

Like the district court, we are unpersuaded by Mr. Teacherson's arguments. Indeed, we have held similar claims made before us to be "patently frivolous." *See Biermann v. C.I.R.*, 769 F.2d 707 (11th Cir. 1985) (explaining that the assertions that "wages are not 'income'" and that "withholdings from . . . wages were illegal 'taxes'" "have been rejected by courts at all levels of the judiciary, and, therefore, warrant no further discussion"). *See also Stubbs v. Comm'r*, 797 F.2d 936, 938 (11th Cir. 1986) (explaining that the argument that wages are not taxable income and that the appellant was not a person required to file a tax return to be like arguments "rejected by courts at all levels of the judiciary and . . . patently frivolous"); *Motes v. United States*, 785 F.2d 928, 928 (11th Cir. 1986)

---

[1] *Groendyke Transportation*, constitutes binding precedent in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

(holding as frivolous the "arsenal of arguments" that "wages are not income subject to tax but are a tax on property such as their labor; that only public servants are subject to tax liability; . . . that withholding taxes violates equal protection; that they should be allowed to exclude from the amount of wages they receive the cost of maintaining their well-being").

In sum, Mr. Teacherson's claims lack merit and have been repeatedly rejected. *See e.g.*, *Swanson v. Comm'r of Internal Revenue*, 2021 WL 4551628, at *2 (11th Cir. Oct. 5, 2021) (explaining that the argument that "the federal income tax is unconstitutional because it is a direct tax without apportionment . . . is frivolous under our precedent"). And because the Commissioner's position "is clearly right as a matter of law" and "there can be no substantial question as to the outcome of the case," we find summary disposition to be appropriate. *Groendyke Transp., Inc.*, 406 F.2d at 1162. We therefore GRANT the government's motion for summary affirmance.[2]

**AFFIRMED.**

---

[2] Mr. Teacherson's motion for default and other relief for "failing to prosecute" is denied.