[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————

No. 23-10526

Non-Argument Calendar

————————————

UNITED STATES OF AMERICA,
Ex Rel., et al.,

                                            Plaintiffs,

JONATHAN LORD,

                                    Plaintiff-Appellant,

*versus*

UNIVERSITY OF MIAMI,

                                    Defendant-Appellee.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:13-cv-22500-CMA

_____

Before NEWSOM, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Dr. Jonathan Lord, a former Chief Operating Officer and Chief Compliance Officer for the University of Miami ("University"), appeals a jury verdict in favor of the University on his False Claim Act ("FCA") retaliation claim on the ground that the district court improperly instructed the jury regarding the elements necessary to prove causation. In response, the University argues that, assuming any error occurred, Lord invited it when he expressly agreed to the jury instruction ultimately given. The University also moves for sanctions under Fed. R. App. P. 38, contending the appeal is frivolous or meritless. After a thorough review of the record and applicable law, we affirm the jury's verdict, but deny the University's motion for sanctions.

## I.      FACTUAL BACKGROUND & PROCEDURAL HISTORY

Given the extent of evidence introduced at trial and the parties' familiarity with the record, we set out only the facts necessary to explain our decision. In 2013, Lord sued the University for allegedly defrauding the federal government, specifically Medicare, TRICARE, and Medicaid, through the University's healthcare

programs, and he claimed that the University fired him in retaliation for being a whistleblower. In August 2021, Lord filed a third amended complaint against the University, asserting a single claim of FCA retaliation related to his termination. In preparation for trial, the parties jointly filed pre-trial stipulations and agreed, among other things, that: (1) a factual dispute existed as to whether "Lord's statutorily-protected activity was the but-for cause of his termination"; and (2) this Court held in *Nesbitt v. Candler County.*, 945 F.3d 1355, 1359-69 (11th Cir. 2020), that "the but-for causation standard applies to FCA retaliation claims." Specifically, with respect to "but-for" causation, the parties stipulated that "an action is not regarded as a cause of an event if the particular event would have occurred without the action."

The parties also jointly filed proposed jury instructions, but they disagreed as to the proper application of Pattern Jury Instruction 4.22, which pertains to Title VII retaliation claims. The University advocated for language that would have required the jury to find that Lord's protected activity was the "main reason" for his termination, whereas Lord requested language to the effect that his protected activity "need not [be] . . . the only reason" for his termination and causation could be established by showing that he would not have been terminated had he "not engaged in the protected activity but everything else had been the same."

At the jury charge conference, Lord objected to the University's proposed instruction, arguing that "but-for" causation did not require him to prove "anything about the main reason" and a

statement that "but-for" causation is the same as the "main reason" was an inaccurate statement of the law given the Supreme Court's decision in *Bostock v. Clayton County, Georgia*, 590 U.S. 644 (2020).  In response, the district court stated that it understood Lord's objection, but that it would adopt the language in Pattern Jury Instruction 4.22.

In a Fed. R. Civ. P. 50(a) motion filed at the close of evidence, Lord again argued that, under *Bostock*, the jury instruction incorrectly described the "but-for" causation standard as requiring him to show that his protected activity constituted the "main reason" for his termination.  After considering Lord's argument, the court revised the jury instruction and gave the parties an opportunity to approve of the edits.  Both parties expressed dissatisfaction with the edits, so the court advised them to "write . . . out" their proposed changes and submit them to the courtroom deputy before the jury instructions were read.

Following closing arguments, the district court returned to the issue of the jury instructions, leading to the following exchange:

> THE COURT: Are we clear on what it is you've all agreed you don't want in the jury instructions and verdict form; is that right?
>
> [LORD]: Yes, Your Honor.
>
> THE COURT: You don't want me to ask the jury whether it finds that any protected activity was the

reason or motivating factor for the terminating decision.

[UNIVERSITY]: That's part of the "because of" language I think everyone is in agreement with. So we are not going to ask main reason or motivating factor.

THE COURT: And I am not going to see that in a post verdict motion by either side; is that right.

[LORD]: No, Your Honor.

[UNIVERSITY]: That's correct, Your Honor.

Consistent with the agreed upon changes to the jury instructions that the parties submitted, the court instructed the jury as follows:

> For the second element, if you find that Dr. Lord engaged in protected activity, you must decide whether the University terminated his employment because of Dr. Lord's protected activity. To determine that the University terminated Dr. Lord because of his protected activity, *you must decide that the University would not have taken the action had Dr. Lord not engaged in the protected activity but everything else had been the same.*

The jury found that Lord engaged in "protected activity" within the scope of his duties, but that his termination was not "because of" that protected activity. Accordingly, the district court entered final judgment in favor of the University as to Lord's FCA claim.

Lord then renewed his Rule 50 motion and moved, alternatively, for a new trial, arguing that the jury's verdict was based on an incorrect application of the "but-for" causation standard. He asserted that the district court should have used his proposed modification to the jury charge based on *Bostock*, *i.e.,* the additional language related to "multiple but-for causes."

The district court denied the motions, determining that a reasonable jury could have found that Lord was terminated for non-retaliatory reasons. Relevant here, the district court noted that Lord did not argue that the instruction misstated the law, but instead that the court did not go far enough with its causation instruction. The court also emphasized that it removed from the jury instruction the "main reason" language Lord found problematic, and that Lord represented to the court that "he would not take issue with the agreed-upon instructions on but-for causation." The district court then determined that the instructions did not misstate the law or mislead the jury, as they "closely mirrored the Pattern Instructions." The district court also ruled that Lord invited any error by "propos[ing] joint jury instructions that he affirmatively requested be given at trial, [and] also assur[ing] the [c]ourt he would not take issue with those instructions after the verdict was rendered." Lord's appeal followed.

## II.    STANDARD OF REVIEW

"[W]e review jury instructions *de novo* to determine whether they misstate the law or mislead the jury." *Caradigm USA LLC v. PruittHealth, Inc.*, 964 F.3d 1259, 1277 n.12 (11th Cir. 2020)

(quotation marks omitted). "We review only for an abuse of discretion a district court's refusal to give a requested jury instruction." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013) (quotation marks omitted). A district court abuses its discretion when refusing to give a requested jury instruction if: "(1) the requested instruction correctly stated the law, (2) the instruction dealt with an issue properly before the jury, and (3) the failure to give the instruction resulted in prejudicial harm to the requesting party." *Id.* (internal quotation marks omitted).

## III.    ANALYSIS

### A. *Lord Invited Any Error With The Complained-of Jury Instructions.*

A "cardinal rule" of appellate review is that "a party may not challenge as error a ruling or other trial proceeding invited by that party." *Ford ex rel. Estate of Ford v. Garcia*, 289 F.3d 1283, 1293-94 (11th Cir. 2002) (internal quotation marks omitted). When a party affirmatively accepts a court's proposed jury instruction, that party has invited error and cannot challenge that jury instruction on appeal. *Id.* at 1294. A party also invites error when they propose the language of a jury instruction. *United States v. Duldulao*, 87 F.4th 1239, 1254 (11th Cir. 2023). Essentially, "[t]he invited error doctrine stands for the common-sense proposition that someone who invites a court down the primrose path to error should not be heard to complain that the court accepted its invitation and went down that path." *Doe v. Princess Cruise Lines, Ltd.*, 657 F.3d 1204, 1213 (11th Cir. 2011).

On appeal, Lord contends that he did not invite the error of which he now complains, namely, that the district court erroneously failed to instruct the jury regarding the possibility of multiple but-for causes under *Bostock*. He contends that he only agreed to the removal of the "main reason" language, which did not encompass the "multiple but-for causes" language he proposed in his original jury instructions. Thus, in addition to challenging the actual jury instruction, Lord also argues that he did not invite the alleged error.

In response, the University emphasizes that Lord agreed, in the pre-trial stipulations, that an issue at trial was whether his statutorily protected activity was "*the* but-for cause," not "*a*" but-for cause. The University also contends that Lord expressly agreed to the jury instruction's language and focused his Rule 50(a) motion exclusively on the "main reason" language. Thus, the University contends, Lord is not entitled to relief because he invited the supposed error.

The record evidence, including the trial transcripts, supports the University's position. In his proposed jury instructions, Lord wanted the jury to have a broader understanding of "but-for" causation, including an illustration of what multiple but-for causes could look like. The district court did not adopt that language. Lord again raised an issue with the jury instructions' proposed language regarding "but-for" causation, specifically against the "main reason" language the district court adopted. The University and Lord came to an express agreement regarding what language to use

in the "but-for" causation instruction. In fact, the jury instruction the district court ultimately gave mirrored the language Lord originally proposed.

After expressly agreeing with the causation instruction, Lord went a step further and affirmed to the district court that he would not raise the issue in a post-verdict motion. Now, on appeal, Lord is attempting to challenge a jury instruction that he jointly proposed. *See Duldulao*, 87 F.4th at 1254. However, allowing Lord to raise such a challenge would circumscribe this Court's "cardinal rule" against allowing a party to challenge an error that the party, themself, invited. *Garcia*, 289 F.3d at 1293-94. Having invited the "court down the primrose path to [alleged] error" by jointly proposing the challenged jury instruction, which contained language mirroring that to which he agreed in his pre-trial stipulations, Lord cannot now "be heard to complain that the court accepted [his] invitation and went down that path." *See Doe*, 657 F.3d at 1213. Accordingly, we reject Lord's challenge to the jury instructions because he invited the alleged error.

### B.  Sanctions Are Unwarranted.

We have discretion to order sanctions under Rule 38. *Waters v. Comm'r Internal Revenue*, 764 F.2d 1389, 1389 n.2 (11th Cir. 1985). Under Rule 38, "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Rule 38 sanctions are appropriate against appellants who raise "clearly

frivolous claims in the face of established law and clear facts." *Parker v. Am. Traffic Sol., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016); *see also Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1359 (11th Cir. 2018) (holding that we may award sanctions under Rule 38 where a party "ignored the governing law and relied on clearly frivolous arguments."). For purposes of Rule 38 sanctions, a claim is frivolous if it is "utterly devoid of merit." *Bonfiglio v. Nugent*, 986 F.2d 1391, 1393-94 (11th Cir. 1993).

Pursuant to Rule 38, the University seeks sanctions against Lord to recover the costs of litigating what it considers to be a frivolous appeal. In response, Lord reiterates his position regarding the factual and legal strength of his appeal.

Although we are affirming the district court's judgment, we find that Lord genuinely believed he had a valid basis for an appeal premised on *Bostock*. While his interpretation and application of *Bostock* do not support a ruling in his favor, his arguments on appeal are not "utterly devoid of merit" or "clearly frivolous" considering the facts below. *Bonfiglio*, 986 F.2d at 1393-94; *Parker*, 835 F.3d at 1371. We, therefore, deny the University's request for sanctions.

## IV.    CONCLUSION

For the reasons set forth above, we **AFFIRM** the verdict returned in favor of the University and **DENY** the University's motion for sanctions.[1]

---

[1] The University also moved this Court to relinquish jurisdiction to the district court to allow the district court to issue findings of facts and conclusions of

law related to a judicial estopped argument the University made before the district court. The district court ultimately never reached this issue below because the University succeeded at trial, thus, there was no reason to consider whether Dr. Lord was judicially estopped from raising claims about the termination of his employment. We see no support for relinquishing jurisdiction and remanding to the district court for it to consider these arguments, especially where, as here, the University is ultimately successful. Accordingly, we **DENY** this motion.