**Johnny R. KING, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 85–8970**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 15, 1986.

Johnny R. King, Fernandina Beach, Fla., for plaintiff-appellant.

Hinton R. Pierce, U.S. Atty., Savannah, Ga., Roger M. Olsen, Acting Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Michael L. Paup, Chief Appellate Section, Gary R. Allen and Robert S. Parish, Jr., Washington, D.C., for defendant-appellee.

Before JOHNSON and ANDERSON, Circuit Judges, and GARZA *, Senior Circuit Judge.

PER CURIAM:

The district court did not err in dismissing King's action for lack of jurisdiction pursuant to 26 U.S.C. § 7422(a).[1]

The government urges us to impose sanctions against King for bringing a frivolous appeal. *See* Fed.R.App.P. 38. We find that sanctions are appropriate here. It was pointed out to King in the district court's order that 26 U.S.C. § 7422(a) provides that no suit can be maintained for recovery of any tax or penalty until an administrative claim for refund has been

filed. The statute is unambiguous and could not possibly have been mistaken. Moreover, the case law makes it clear that filing a claim for an administrative refund is a jurisdictional prerequisite to maintenance of a refund suit. *See, e.g., United States v. Felt & Tarrant Mfg. Co.,* 283 U.S. 269, 273, 51 S.Ct. 376, 378, 75 L.Ed. 1025 (1931); *Rock Island, A. & L.R. Co. v. United States,* 254 U.S. 141, 142–43, 41 S.Ct. 55, 56, 65 L.Ed. 188 (1920); *Thompson v. United States,* 332 F.2d 657, 659 (5th Cir.1964);[2] *Zernial v. United States,* 714 F.2d 431, 434 (5th Cir.1983); *Dixie Margarine Co. v. Shaefer,* 139 F.2d 221, 223 (6th Cir.1943), *cert. denied,* 321 U.S. 791, 64 S.Ct. 789, 88 L.Ed. 1081 (1944). In light of the district court order pointing out the law and the absolute clarity of the statute, it is obvious that King's appeal is frivolous. The arguments which King makes in order to skirt this issue have been asserted to this court numerous times and have been declared by this court to be frivolous. Therefore, sanctions pursuant to Rule 38 are entirely appropriate.

In lieu of remanding this case to the district court for an assessment of costs and attorney's fees, the government urges, in the interest of judicial economy, that this court enter an award of damages in a set amount. In this regard, the government has represented to the court that the average award ordered by courts in cases such as this during the relevant time period was $1,246. Although we would have preferred that the government establish its costs and attorney's fees by affidavit, since King has not disputed the government's representation of $1,246, we accept same. This procedure is also in King's interest since he would be liable for the additional costs and

---

* Honorable Reynaldo G. Garza, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. The statute states in pertinent part:
   No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority ... until a claim for refund or

credit has been duly filed with the Secretary or his delegate, according to the provisions of law in that regard....
26 U.S.C. § 7422(a).

2. In *Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Id.* at 1209.

attorney's fees incurred during any proceedings on remand. Under these circumstances, we award the government damages of $1,246.

AFFIRMED and SANCTIONS IMPOSED.