[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-12125
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 13, 2010
JOHN LEY
CLERK

D. C. Docket No. 05-20863-CV-KMM

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

JOSE PABLO URBINA SOLERA,

Claimant-Appellant,

versus

PENSION FUND OF AMERICA L.C.,
PFA ASSURANCE GROUP, LTD,
PFA INTERNATIONAL, LTD.,
CLAREN TPA, LLC,
LUIS M. CORNIDE,
THOMAS G. SCHULTZ,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 13, 2010)

Before EDMONDSON, BIRCH and CARNES, Circuit Judges.

PER CURIAM:

Jose Pablo Urbina Solera, proceeding pro se, appeals the district court's

denial of his motion for reconsideration of the district court's order denying his

claim against a receivership estate. Thomas G. Schultz, the receiver appointed by

the district court, has filed a motion asking us to sanction Solera under Federal

Rule of Appellate Procedure 38.

I.

In March 2005, the Securities and Exchange Commission filed an

enforcement action against the Pension Fund of America, LC, and affiliated

entities (collectively "the Pension Fund") and its two principals. The SEC sought

to enjoin the defendants from continuing to defraud investors through the sale of

"retirement trust plans" issued by the Pension Fund in violation of the anti-fraud

provisions of federal securities laws. The SEC also moved the district court to

appoint a receiver over the Pension Fund. The district court granted that motion

2

and appointed Thomas Schultz.

The district court approved a claims procedure for the receiver to follow in distributing the Pension Fund receivership estate to defrauded investors and other legitimate creditors of the Pension Fund. The procedure called for claimants to file a proof of claim form with the receiver. The claim form provided that "any person or entity submitting this proof of claim form shall submit to the exclusive jurisdiction of the United States District Court for the Southern District of Florida." The approved claims procedure called for the district court to resolve in a summary proceeding any dispute between a claimant and the receiver.

Solera, a citizen of Costa Rica, filed a proof of claim seeking to recover $8,030,000 from the receivership estate. He claimed that he had provided five checks to Carlos Ruiz, a Pension Fund Regional Director in Costa Rica, for investment with the Pension Fund. Solera's proof of claim form, like all of his filings, was written in Spanish. The record contains the original Spanish filings and English translations. In support of his claim, Solera attached to his proof of claim form two "conditional receipts" bearing the Pension Fund logo and signed by Ruiz.

The receiver filed an objection to Solera's claim and a motion for summary disposition seeking denial of the claim. The receiver noted that the five checks

Solera claimed to have invested in Pension Fund were not drawn on Solera's account, and instead were drawn on the Clearwater, Florida, SunTrust Bank checking account of Harlon A. Parchment. The checks were made payable to Solera. The receiver pointed out that both of the conditional receipts submitted by Solera stated that "[a] SunTrust Bank representative, as trustee, will replace this conditional receipt with a definitive one, which will be sent along with the corresponding trust once the funds become liquid in said Bank." The receiver also noted that Solera had produced no evidence that the checks were ever endorsed to the Pension Fund, that they were ever cashed, or that the Pension Fund had ever received any funds based on the checks. Four of the five checks bore stamps stating either "unavailable funds" or "insufficient funds." The receiver produced bank statements for Parchment's SunTrust checking account demonstrating that, during the relevant period, that account never had a balance even remotely sufficient to cover the amount listed on the checks Solera claimed to have invested with the Pension Fund.

In support of his motion for summary denial of Solera's claim, the receiver attached the affidavit of Carmen Arochena, a former Pension Fund employee familiar with the Pension Fund's record-keeping systems and procedures. She explained that a detailed application procedure was required before the Pension

4

Fund would open an account for a new investor, and that the issuance of a conditional receipt did not mean that a person had invested with the Pension Fund. According to Arochena, only after a potential investor's application was approved and his funds cleared would the person receive a final receipt acknowledging his status as a Pension Fund investor. She swore that there was no evidence that Solera had ever invested with the Pension Fund, or even submitted an application to do so, and that the records made in the normal course of the Pension Fund's business would have documented both of those events if they had occurred.

The receiver also submitted an affidavit from Robert de la Riva, a former Manager of the Pension Fund. According to de la Riva, Solera gave three of the checks, totaling $7,900,000, to Ruiz in March 2001 in an attempt to invest with the Pension Fund. Ruiz forwarded the checks to Pension Fund's Florida headquarters. Upon receiving the checks, de la Riva contacted SunTrust Bank several times to determine if there were sufficient funds in Parchment's account to cover the checks. Each time, he was told that the account did not contain sufficient funds. According to de la Riva, Pension Fund's standard operating procedure under the circumstances would have called for the return of the three checks to Ruiz, the Pension Fund Director. De la Riva swore that those three checks were never invested with the Pension Fund. Parchment himself submitted an affidavit, in

5

which he swore that the signature on one of the checks was not his and that he believed Solera had forged it.

In response to the receiver's motion seeking the denial of his claim, Solera reiterated that he had invested in the Pension Fund. He added an accusation that the Pension Fund did not return the SunTrust checks to him in time for him to cash them or to allow him "to carry out legal actions."

On September 16, 2008, the district court entered an order granting the receiver's motion for summary disposition and denying Solera's claim in its entirety. After that, Solera sent a letter to the receiver in which he rehashed the arguments he had already made. He added, without citation, that he must submit the checks in order to bring suit in Costa Rica against Parchment for writing bad checks. Solera did not file that letter with the district court.

The receiver had Solera's letter translated into English. He interpreted it as a motion for reconsideration. On October 9, 2008, the receiver filed a response with the district court, attaching Solera's letter and making it part of the district court record for the first time. On March 30, 2009, the district court issued an order construing Solera's letter as a motion for reconsideration and denying that motion.

On April 23, 2009, Solera filed a notice of appeal. On August 5, 2009, we issued an order dismissing as untimely filed Solera's appeal of the district court's

6

order summarily denying his claim. We held, however, that Solera's notice of appeal was timely filed as to the district court's March 30, 2009 order denying his motion for reconsideration. We added that this appeal was therefore "limited to a determination of whether the district court abused its discretion in denying [Solera's] motion, construed as a Federal Rule of Civil Procedure 60(b) motion to vacate the judgment, and it shall not extend to the validity of the underlying judgment per se."

II.

"[A] district court's order under Rule 60(b) is reviewable only for abuse of discretion." Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co., 198 F.3d 1332, (11th Cir. 1999). In order to show that the district court abused its discretion, Solera must "demonstrate a justification [for relief] so compelling that the court was required to vacate its order." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc., 803 F.2d 1130, 1132 (11th Cir. 1986)). Rule 60(b) lists the following justifications for relief:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

7

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Relief under Rule 60(b)(6)'s catch-all provision "is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances. The party seeking relief has the burden of showing that absent such relief, an 'extreme' or 'unexpected' hardship will result." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11thCir. 1984) (citations omitted).

Because Solera's notice of appeal was timely only as to his appeal of the district court's denial of his motion for reconsideration, "our review on appeal is limited to those issues raised in [Solera's] Rule 60(b) motion." Gulf Coast Fans, Inc. v. Elecs. Importers, Inc., 740 F.2d 1499, 1507 (11th Cir. 1984). We therefore confine ourselves to deciding whether the district court abused its discretion in concluding that Solera had failed to meet the standard for reconsideration. See Am. Bankers Ins. Co., 198 F.3d at 1338. It did not.

Solera's motion for reconsideration failed to assert or argue any of Rule 60(b)'s enumerated justifications for relief from judgment.[1] Solera does argue in

---

[1] We give Solera's motion for reconsideration, as a pro se filing, a liberal construction. Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000).

8

his brief to us that the district court failed to consider new documentary evidence that he submitted, including the voluminous attachments to his motion for reconsideration. That argument fails because Solera has not made any showing that: "(1) the evidence is newly discovered since the [summary proceeding]; (2) he exercised due diligence to discover the new evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that a new [proceeding] would probably produce a new result." Willard v. Fairfield S. Co., 472 F.3d 817, 824 (11th Cir. 2006).

Solera has attached to his appellate brief a ream of evidentiary materials, much of which was not in the record before the district court when it ruled on the motion for reconsideration. We do not consider those attachments that were not before the district court, because "[i]n deciding issues on appeal we consider only evidence that was part of the record before the district court." Selman v. Cobb County Sch. Dist., 449 F.3d 1320, 1332 (11th Cir. 2006).

The remaining arguments contained in Solera's appellate brief, including his argument regarding the possibility that he may face contempt, are beyond the scope of this appeal, which "is limited to a determination of whether the district court abused its discretion in denying [Solera's Rule 60(b) motion]." Order Dismissing Appeal in Part for Lack of Jurisdiction, No. 09-12125 (11th Cir.

August 5, 2009). Because Solera has failed to demonstrate any of Rule 60(b)'s enumerated justifications for relief, the district court did not abuse its discretion in denying his motion for reconsideration. Cavaliere, 996 F.2d at 1115.

III.

The receiver has filed a motion asking us to impose sanctions on Solera under Federal Rule of Appellate Procedure 38, which provides that, "[i]f a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." Generally, we decline to impose Rule 38 sanctions on pro se appellants. See Woods v. I.R.S., 3 F.3d 403, 404 (11th Cir. 1993); Hyslep v. United States, 765 F.2d 1083, 1084-85 (11th Cir. 1985). Despite our general reluctance to do so, we have imposed Rule 38 sanctions on pro se appellants in some circumstances. See United States v. Morse, 532 F.3d 1130, 1132-33 (11th Cir. 2008) (imposing sanctions on pro se litigant who had been warned by the district court that his arguments in support of his taxpayer claim were "wholly without merit" where we had previously declared such arguments to be frivolous and deserving of sanctions); Stoecklin v. Comm'r of Internal Revenue, 865 F.2d 1221, 1226 (11th Cir. 1989) (imposing sanctions on pro se litigant, a certified accountant for thirty years, who advanced "patently frivolous" arguments in support of his taxpayer claim); Bonfiglio v. Nugent, 986 F.2d 1391, 1394 (11th

10

Cir. 1993) (imposing sanctions on a pro se litigant who was also an attorney); Pollard v. Comm'r, 816 F.2d 603, 605 (11th Cir. 1987) (imposing sanctions on a pro se litigant who had previously brought frivolous tax claims); King v. United States, 789 F.2d 883, 884 (11th Cir. 1986) (imposing sanctions on a pro se litigant where the district court had pointed out to the litigant that his taxpayer claim was directly foreclosed by absolutely unambiguous statute and prior precedent and where litigant's arguments to the contrary had been repeatedly declared frivolous).

None of those particular circumstances are present here, but there is another circumstance that justifies sanctions. The overwhelming frivolity of Solera's appeal is coupled with facts that reek of misrepresentation. He has not the slightest claim of right to any of the assets of the receivership. The "checks" he presented in an attempt to get some of those assets not only do not support his attempt, but there is also evidence that one or more of them may well have been forged. Pro se status does not excuse misrepresentation or fraud. We conclude that Solera should be sanctioned by being required to pay the attorney's fees and costs incurred by the receiver in connection with this appeal. The receiver is directed to submit to this Court, within fourteen days, an affidavit and any supporting documents setting out its fees and costs. If Solera wishes to object to any specific part of the fee request or supporting documentation, he must do so within fourteen days after the receiver

11

files it.

IV.

Because Solera's motion for reconsideration failed to demonstrate any of the justifications for relief from a judgment enumerated in Federal Rule of Civil Procedure 60(b), the district court's order denying Solera's motion for reconsideration is AFFIRMED. The receiver's motion for sanctions is GRANTED, and the receiver is DIRECTED to submit, within the time specified in this opinion, any affidavit and documentation necessary for this Court to fix the amount of the sanctions award; Solera is DIRECTED to submit, within the time specified in this opinion, any specific objections to the amount of fees and costs requested by the receiver.