[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-13937

Non-Argument Calendar

_____

ROBERT WALKER,
TAMIKO N. PEELE,

Plaintiffs-Appellants,

*versus*

U.S. BANK NATIONAL ASSOCIATION,
ROBIN R. WEINER,
JOANNA P. TEMPONE,
THE UNITED STATES DEPARTMENT OF
EDUCATION,
KELEY JACOBSON, P.A., et al.,

2                    Opinion of the Court                    21-13937

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-80568-AMC

————————————

Before JORDAN, NEWSOM, and LAGOA, Circuit Judges.

PER CURIAM:

Robert Walker and Tamiko Peele, Chapter 13 debtors proceeding *pro se*, appeal from the district court's denial of their motion to reconsider the *sua sponte* dismissal of their appeal from the bankruptcy court. Their notices of appeal to the district court indicated that, among other orders issued by the bankruptcy court, they were appealing the order dismissing their Chapter 13 case.

Although we read briefs filed by *pro se* litigants liberally, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Mere reference to an issue in a brief, absent argument and citations of authority in support of that issue, is insufficient to preserve the issue on appeal, even for *pro se* filings. *Horsley v. Feldt*, 304 F.3d 1125, 1131 n.1 (11th Cir. 2002); *Hamilton v. Southland Christian Sch., Inc.*, 680 F.3d 1316, 1319 (11th Cir. 2012).

Here, the debtors have abandoned their challenge to the bankruptcy court's dismissal of their Chapter 13 case. Their 58-page initial brief contains but a single sentence requesting reversal, with no argument or citation to authority. Further, the debtors' initial brief does not otherwise appear to contain any argument or authority related to the bases for the bankruptcy court's dismissal order, including the debtors' failure to timely modify the plan to conform with U.S. Bank's claim or provide that real property would be treated outside the plan; their proposal of a plan that was not confirmable; and their attempt to value and avoid U.S. Bank's claim, in violation of 11 U.S.C. § 1322(b)(2). Thus, the debtors' bare assertion that this Court should reverse the dismissal order is insufficient to preserve their challenge to it. *Hamilton*, 680 F.3d at 1319. Accordingly, we dismiss the appeal.

**DISMISSED.**[1]

---

[1] The debtors' two motions—one for fees, costs, and expenditures, and the other for leave to file excess pages—are both DENIED. The debtors do not specify under what source of authority they are seeking fees, costs, and expenditures. To the extent that they seek to rely on this Court's inherent power to impose attorneys' fees, the debtors offer no argument or explanation as to how the appellees have acted in bad faith or why they are otherwise entitled to attorneys' fees. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991) (discussing courts' inherent power to impose attorneys' fees when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons") (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258–59 (1975)). To the extent that the debtors attempt to rely on Rule 38, such reliance is misplaced. Rule 38 only allows appellees to recover damages and costs. *See* Fed. R. App. P. 38.

---

To the extent that U.S. Bank requests that we impose sanctions on the debtors pursuant to Federal Rule of Appellate Procedure 38, its motion is DENIED. Although the debtors have submitted many lengthy and difficult-to-discern filings before the bankruptcy court, the district court, and this Court, appellants are proceeding *pro se*, and U.S. Bank did not file a separate motion for sanctions. *See* Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may, *after a separately filed motion or notice from the court and reasonable opportunity to respond*, award just damages and single or double costs to the appellee.") (emphasis added); *Woods v. I.R.S.*, 3 F.3d 403, 404 (11th Cir. 1993) (declining to impose Rule 38 sanctions because of the appellant's *pro se* status). Unlike the few *pro se* appellants who have been sanctioned by this Court, the debtors were not explicitly warned that the particular arguments they now make on appeal are frivolous. *See King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986).