**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 25-11179

Non-Argument Calendar

————————————————

HYBRID PHARMA LLC,

*Plaintiff-Appellant,*

*versus*

MATTHEW KNISPEL,
MARK WHITTEN,
ROBERT DIFIORE,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:22-cv-61136-DSL

————————————————

Before BRANCH, ABUDU, and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Hybrid Pharma LLC ("Hybrid") appeals

an order of the district court awarding Matthew Knispel, Mark Whitten, and Robert Difiore (together, "defendants") approximately $50,000 in attorney's fees under 42 U.S.C. § 1988.  On appeal, Hybrid argues the district court abused its discretion in finding that its claims were frivolous or without foundation.  After careful review, we discern no abuse of discretion, so we affirm.

## I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Hybrid brought this suit in June 2022, alleging that Knispel, Whitten, and Difiore—current and former officials with the Florida Department of Health—had selectively and irrationally enforced laws regulating pharmaceutical outsourcing facilities by intentionally treating Hybrid differently than other similarly situated facilities without any rational basis.[1]  Hybrid's complaint asserted a "class-of-one" claim under the Equal Protection Clause of the Fourteenth Amendment against each defendant.

The defendants moved to dismiss Hybrid's amended complaint, but, before a ruling on that motion, they moved for summary judgment.  A Magistrate Judge prepared a report and recommendation ("R&R") that recommended the district court grant the motion for summary judgment.  The R&R explained Hybrid had failed to show it suffered disparate treatment because it had not

---

[1] We write only for the parties, so we omit a lengthy recitation of the facts and focus on the arguments Hybrid makes on appeal.  Our opinion in Hybrid's prior appeal, as well as the district court's thorough orders, lay out the facts in greater detail.  *See Hybrid Pharma LLC v. Knispel*, No. 24-13095, 2025 WL 1743416 (11th Cir. Jun. 24, 2025) (unpublished).

shown that it engaged in the same activity as its proffered comparators.  While Hybrid objected to the R&R, the district court adopted it over Hybrid's objections.  The district court explained Hybrid's objections showed it "fundamentally misunderst[ood]" this Court's test for whether a comparator is similarly situated.  It reasoned Hybrid was using a "too broad" definition of "similarly situated" and that if it were to use Hybrid's standard, "it would encapsulate nearly *all* drug compounders subject to the same regulations."  Yet, that test "would only show that [Hybrid] was treated differently than a comparator in the same industry *regardless* of whether the underlying actions were the same."  Under the correct standard, there was no evidence of a comparator because Hybrid had not shown any other entity had engaged in the same, or even similar, violations as Hybrid had without receiving sanctions.  The court also noted Hybrid's view of "class-of-one" claims was "misguided (and border[ed] on frivolous)."

After the district court granted summary judgment, Hybrid appealed.  A panel of this Court affirmed in June 2025.  *Hybrid Pharma LLC v. Knispel*, No. 24-13095, 2025 WL 1743416, at *1, 6 (11th Cir. Jun. 24, 2025) (unpublished).  This Court's opinion explained that the district court had been correct:  Hybrid had not produced any evidence showing that it was similarly situated to its proposed comparators.  *See id.* at *5-6.[2]

---

[2] The defendants also moved for attorney's fees on appeal for successfully defending Hybrid's appeal of the summary judgment ruling.  That motion has been transferred to the district court, and we do not address that issue here.

While Hybrid's first appeal was pending, the defendants moved for attorney's fees in the district court under 42 U.S.C. § 1988. They argued that, because they won at summary judgment, they were prevailing parties. In addition, they contended, Hybrid's claims were "frivolous, unreasonable, or without foundation," so Section 1988's remaining criteria were met as well. First, they contended that Hybrid "was unable to establish the core requirement" of its claim because it did not show a similarly situated comparator. They noted that they did not offer to settle Hybrid's suit and the case was decided at summary judgment, without a trial on the merits. Citing various unpublished and district court cases, the defendants contended that this case was akin to various cases where defendants were awarded fees. They also explained that, while Hybrid opposed any award of attorney's fees, Hybrid had agreed that $52,170 was a reasonable amount for the work at issue.

Hybrid opposed the motion, arguing that the defendants had not met their high burden of showing that its claims were frivolous or without foundation. First, it contended that it had, in fact, established a similarly situated comparator, and that its appeal of the district court's summary judgment ruling was still pending. It noted that its summary judgment response had identified two potential comparators; its claim was at least potentially meritorious; and did not flout binding caselaw—all of which weighed against a finding of frivolity. It argued that the lack of a settlement offer was a neutral factor which did not weigh toward or against awarding fees, but it conceded that the case was resolved at summary judgment, weighing in favor of a frivolity finding. Finally, Hybrid

argued that the case required close attention, foreclosing an award of fees under our caselaw. *See Busby v. City of Orlando*, 931 F.2d 764, 787 (11th Cir. 1991).

A magistrate judge prepared an R&R recommending that the district court grant the defendants' motion for attorney's fees. First, the R&R agreed with the parties that the $52,170 amount was reasonable. Then, the R&R discussed each of the factors addressed by this Court's precedent and acknowledged that frivolity is to be decided on a case-by-case basis. It concluded that Hybrid had not established a *prima facie* case, as its position had serious legal and factual deficiencies. Legally, it reasoned, the district court had already explicitly rejected Hybrid's proposed test for identifying a relevant class-of-one comparator as "border[ing] on frivolous" and relying on "one clearly distinguishable" district court opinion. Factually, it explained, Hybrid had "pointed to *no* evidence" to support its claim. For these reasons, the magistrate judge concluded the factual record showed a lack of a *prima facie* case, also weighing in favor of a finding of frivolity. Second, the R&R concluded that the fact that there was no offer to settle the case suggested that this factor was neutral.

Third, the R&R explained that the district court's rulings in its summary judgment order—including the fact that the case was resolved before trial on the merits—also weighed in favor of a finding of frivolity. Last, the magistrate judge addressed Hybrid's argument that the case required close attention. It concluded that it did not, for several reasons. First, it noted that the defendants'

motions to dismiss were not ruled on the merits; they were denied as moot in light of the summary judgment filings or amendments to the complaint.  Accordingly, the defendants prevailed in the first substantive motion the district court decided.  Second, the R&R noted that the case did not present novel issues under Eleventh Circuit law—instead, this Court's precedent was clear and the only case Hybrid relied on was clearly distinguishable.  In light of these considerations, Hybrid's "claims were not meritorious enough to receive careful attention and review in the sense that the outcome of the case was arguable or a close call."

Hybrid objected to the R&R, raising many of the same arguments it makes on appeal.  Its objections focused on two of the R&R's conclusions.  First, Hybrid reiterated its position that it was essentially correct on the merits: it *had* identified a valid comparator.  Second, Hybrid contended that its claims required close attention because the court had to conduct a careful review of the facts and the arguments presented at summary judgment before granting summary judgment.

The district court overruled Hybrid's objections, applying *de novo* review to the R&R's conclusions.  First, rejecting Hybrid's argument that the court had applied the wrong standard for a class-of-one claim, the district court reasoned that its prior opinion already rejected Hybrid's contentions about the legal test, showing that it had not established a *prima facie* case.  Second, rejecting Hybrid's argument that its case required careful consideration, the district court noted that there was "no evidence" supporting Hybrid's

claims and that there was "no case which supported" Hybrid's position in the litigation.  Accordingly, the district court adopted the R&R in its entirety and awarded the defendants $52,170 in attorney's fees.  The court stayed the order until Hybrid's pending appeal of the summary judgment ruling was decided.  Hybrid timely appealed.  As discussed above, we have since affirmed the district court's merits ruling; we now turn to the attorney's fees dispute.

## II. STANDARD OF REVIEW

We review a district court's order on attorney's fees for abuse of discretion.  *Loranger v. Stierheim*, 10 F.3d 776, 779 (11th Cir. 1994).  The abuse of discretion standard of review also "encompasses" a district court's "threshold determination that a plaintiff's case was so 'frivolous, unreasonable, or groundless'" as to warrant fees under statutes, like Section 1988, where such a finding is a prerequisite to awarding a defendant prevailing party attorney's fees. *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 420 (1978)); *see also Christansburg Garment*, 434 U.S. at 421 ("[A] district court may in its discretion award attorney's fees to a prevailing defendant [under Section 1988] upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.").

"[T]he abuse of discretion standard allows 'a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.'"  *Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159, 168 (11th Cir. 1994) (quoting *United States v. Kelly*, 888 F.2d 732,

745 (11th Cir. 1989)).  A district court can abuse its discretion if it commits an error of law or relies on clearly erroneous facts.  *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019).  Applied here, that means the question we face is whether the district court acted within its range of choice in awarding fees, not whether we would award fees ourselves.

### III. DISCUSSION

The "primary function" of Section 1988's fees provision "is to shift the costs of civil rights litigation from civil rights victims to civil rights violators." *Jonas v. Stack*, 758 F.2d 567, 569 (11th Cir. 1985).  However, along with this "primary function," Section 1988 permits awards of attorney's fees to prevailing defendants when those defendants are forced to defend against frivolous civil rights claims. *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995).

"In determining whether a suit is frivolous, 'a district court must focus on the question [of] whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful.'" *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. Sept. 25, 1981)).[3]  "Factors considered important in determining whether a claim is frivolous also include: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and

---

[3] Decisions issued by the former Fifth Circuit prior to October 1, 1981, are binding upon this Court.  *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1210 (11th Cir. 1981) (*en banc*).

(3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Id.* However, these "are general guidelines only, not hard and fast rules" because "[d]eterminations regarding frivolity are to be made on a case-by-case basis." *Id.* We have also explained that a suit or claim is not frivolous if it merits "careful attention and review" by a court. *Busby*, 931 F.2d at 787.

Several issues are not disputed. First, Hybrid does not dispute that the defendants were the prevailing parties, a necessary prerequisite for an award of attorney's fees under Section 1988. *See Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1375–77 (11th Cir. 2022) (describing the prevailing party standard and the meaning of that term across attorney's fees statutes). Second, the parties agree that the defendants did not offer to settle Hybrid's suit, meaning that this factor does not weigh heavily in favor of either entitlement or disentitlement to fees. *See Quintana v. Jenne*, 414 F.3d 1306, 1310 (11th Cir. 2005) ("In the absence of evidence of an offer of a substantial amount in settlement, this factor does not support either party."). Third, as noted above, the parties do not dispute the amount of the award. With these issues set aside, we turn to the core of the parties' dispute.

Hybrid's first argument on appeal is that it established a *prima facie* case, and the district court erred when it found this factor weighed in favor of an award of fees. In making this argument, Hybrid recaps the evidence it marshalled in support of its claim, arguing that it showed that it established a *prima facie* case. It also argues that, notwithstanding any shortcomings in its case, it

"named at least one specific comparator at the outset and submitted evidence well beyond a level of unfounded." As noted above, the district court and magistrate judge, on the other hand, concluded that the summary judgment ruling—which identified legal and factual problems with Hybrid's position—proves Hybrid is wrong on this point. We cannot say that this conclusion represents an abuse of discretion. The district court and magistrate judge's subsidiary findings—regarding the legal and factual deficiencies in Hybrid's suit—are borne out by the record.

Legally, we agree with the district court that Hybrid's suit was premised on an unsupportable reading of our class-of-one Equal Protection caselaw. Rather than attempting to show that it and its comparators engaged in the same conduct and received different treatment, as relevant binding caselaw requires, Hybrid's position throughout this litigation was that it was sufficient for it to show that it was in the same regulated industry as other entities, and it was subjected to regulatory action. *See Hybrid Pharma*, 2025 WL 1743416, at *6 ("At bottom, as the district court explained, Hybrid's suit asserts that the deficiencies it received when other parties did not show an equal protection violation because it and its comparator businesses have the same core characteristics."). Yet, this legal position was unreasonable; we have repeatedly required comparators to be similar in all relevant respects, especially with regard to "factors that would be relevant to an objectively reasonable governmental decisionmaker," such as alleged misconduct. *See, e.g.*, *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1285 (11th Cir. 2021); *see also Griffin Indus., Inc. v. Irvin*, 496 F.3d

25-11179            Opinion of the Court            11

1189, 1204 (11th Cir. 2007); *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1275 (11th Cir. 2008); *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1233 (11th Cir. 2022); *Campbell v. Rainbow City*, 434 F.3d 1306, 1314 (11th Cir. 2006) ("Different treatment of dissimilarly situated persons does not violate the equal protection clause." (quoting *E&T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987))).[4]

When accounting for Hybrid's unsupported legal position, the factual deficiencies identified by the district court also support a finding of frivolity. That is because we have often affirmed findings of frivolity when "plaintiffs did not introduce any evidence to support their claims." *Sullivan*, 773 F.2d at 1189 (collecting cases). As we explained in Hybrid's prior appeal, "Hybrid's evidence d[id] not show anything besides potentially justifiable disparate treatment." *Hybrid Pharma*, 2025 WL 1743416, at \*6 n.9. There was a dearth of evidence that Hybrid's alleged comparators actually did the same things Hybrid did and were subject to disparate treatment for the same conduct. Thus, we also do not find an abuse of discretion in the district court's conclusion that Hybrid's suit did not

---

[4] Moreover, Hybrid's position essentially relied solely on a single district court opinion. *See Hybrid Pharma*, 2025 WL 1743416, at \*6 n.8. Yet, neither the district court nor this Court was bound by that district court opinion, both courts are only "bound by [this Court's] own controlling decisions" and decisions of the Supreme Court. *Fishman & Tobin, Inc. v. Tropical Shipping & Const. Co.*, 240 F.3d 956, 965 & n.14 (11th Cir. 2001). In any event, as we explained, the district court opinion Hybrid relied on was readily distinguishable. *See Hybrid Pharma*, 2025 WL 1743416, at \*6 n.8.

establish a *prima facie* case because it was factually unsupported. *See Cordoba*, 419 F.3d at 1179.

Finally, Hybrid argues that its claims received careful attention, so the defendants were not entitled to attorney's fees under Section 1988. This "careful consideration" factor in our caselaw represents the commonsense principle that where a suit presents "difficult" or debatable issues, prevailing defendant fees are "inappropriate" under Section 1988, which was designed to protect victims of civil rights violations. *Busby*, 931 F.2d at 787; *Jonas*, 758 F.2d at 569 (describing the "primary function" of Section 1988). The district court and magistrate judge permissibly found that this was not such a "difficult" or debatable case. Specifically, while Hybrid highlights that there were "multiple motions to stay discovery and to dismiss," the district court and magistrate judge properly gave that fact little attention because those motions were not ultimately ruled on by the district court. *See Hybrid Pharma*, 2025 WL 1743416, at *1 ("The defendants moved to dismiss Hybrid's amended complaint, but, before the district court ruled on that motion, they moved for summary judgment.").

Moreover, as noted above, Hybrid did not bring a novel claim or raise an issue that this Court has rarely addressed; there are numerous published cases from this Court applying the "similarly situated" requirement at issue here. In sum, this was not "a most difficult case," *Busby*, 931 F.2d at 787, nor was it one "in which the plaintiff almost, but not quite, met [its] evidentiary burden," *Walker v. NationsBank N.A.*, 53 F.3d 1548, 1565 (11th Cir. 1995)

(Cox, J., concurring in part and dissenting in part), it was a case where the plaintiff had no evidence to support its claim and advocated an unreasonable legal position.

Other considerations support the district court's exercise of discretion. For one thing, while some of our cases denying prevailing defendants attorney's fees involve *pro se* parties, Hybrid is a corporation represented by sophisticated counsel. While we have been wary to award sanctions and fees against *pro se* parties,[5] counseled parties do not receive that same leeway. In addition, we have been more likely to find frivolity (and impose sanctions), even on *pro se* parties, when they have been "warned about raising" frivolous arguments. *Morse*, 532 F.3d at 1133; *see also King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986). This also supports the outcome here—Hybrid was warned that its position was meritless and bordered on frivolous by the district court. It nonetheless maintained its unsupportable legal and factual positions, despite contrary caselaw, and maintained its position throughout its filings on the attorney's fees motion and took an unsuccessful appeal.

Considering the totality of the circumstances present here, we cannot say the district court's decision was outside its "range of choice" or represents "a clear error of judgment." *Rasbury*, 24 F.3d

---

[5] *See United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (addressing sanctions under Fed. R. App. P. 38) ("[W]e are reluctant to impose sanctions on *pro se* litigants . . . ."); *Woods v. IRS*, 3 F.3d 403, 404 (11th Cir. 1993) (Fed. R. App. P. 38 context) ("There can be no doubt that this is a frivolous appeal and we would not hesitate to order sanctions if appellant had been represented by counsel.").

at 168 (quoting *Kelly*, 888 F.2d at 745).  Even if we might not have awarded attorney's fees here ourselves, therefore, we affirm.

### IV. CONCLUSION

For the reasons we have explained, the district court did not abuse its discretion in awarding attorney's fees under Section 1988. Accordingly, we affirm.

**AFFIRMED.**